# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARY J. BAILEY, | : | |
| Plaintiff, | : | Civil Action No.: 09-1027 (RMU) |
| v. | : | Re Document Nos.: 2, 6 |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### GRANTING WMATA'S PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT; DENYING AS MOOT WMATA'S PARTIAL MOTION TO DISMISS THE ORIGINAL COMPLAINT

### I. INTRODUCTION

This matter comes before the court on the partial motion to dismiss filed by defendant the Washington Metropolitan Area Transit Authority ("WMATA").[1] The plaintiff, a WMATA employee, alleges that the defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, by discriminating against her based on her race, age and disability and retaliating against her after she complained about the defendants' allegedly discriminatory conduct. WMATA has moved to partially dismiss the amended complaint, contending that it is immune from suit under the ADEA and the ADA. Because the court agrees that sovereign immunity bars the plaintiff's ADEA and ADA claims against WMATA, the court

---

[1] The amended complaint also names one other defendant: Delecia Sampson, the Chief of Workforce Client Services at WMATA. Am. Compl. ¶ 3. Sampson had not yet been served when the instant motion was filed. *See* Def.'s Mot. at 1.

grants WMATA's partial motion to dismiss the amended complaint and denies as moot WMATA's partial motion to dismiss the original complaint.

## II. FACTUAL & PROCEDURAL BACKGROUND[2]

The plaintiff, a 51-year-old Caucasian female who has been diagnosed with Generalized Anxiety, has been employed by WMATA since 2001. Am. Compl. ¶ 2. As of late 2007, the plaintiff served as an acting Team Leader for a Human Resources Recruitment team in WMATA's Operations Department. *Id.* ¶ 4. In November 2007, however, WMATA announced a structural reorganization and informed the plaintiff that she would be "slotted" into the position of Human Resources Generalist IV. *Id.* That same month, Delecia Sampson, an African American female, became the Chief of Workforce Client Services at WMATA and immediately began demonstrating a preference for African American employees. *Id.* ¶ 5. The plaintiff was ultimately transferred into the position of Human Resources Generalist IV, but Sampson did not authorize the salary increase to which the plaintiff was entitled. *Id.* The plaintiff only obtained the salary increase after she complained to WMATA's Director of Compensation. *Id.*

In March 2008, Sampson – in violation of WMATA's internal policies – appointed Lora Wright, an African American female in her early 40s, as a team supervisor despite the fact that the plaintiff was more experienced than Wright. *Id.* ¶¶ 6-9. When Wright took on this supervisory role, the plaintiff's responsibilities were reduced significantly. *Id.* ¶ 7. During this time, the plaintiff began to have anxiety attacks at work. *Id.* ¶ 10. Sampson ultimately offered

---

[2] In resolving the instant motion, the court treats as true the factual allegations contained in the amended complaint. *Erby v. United States*, 424 F. Supp. 2d 180, 181 (D.D.C. 2006).

2

the plaintiff a severance package, stating that she believed the plaintiff "was unable to control her emotions at work, was not happy and was not expressing support for her new organization." *Id.* ¶ 12. In June 2008, the plaintiff was reassigned to a different position. *Id.* ¶ 13.

The plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission and, following the issuance of a right-to-sue letter, filed suit in this court in June 2009. *Id.* ¶ 14; *see generally* Compl. After WMATA moved to partially dismiss the complaint, the plaintiff filed an amended complaint in July 2009.[3] *See generally* Am. Compl. WMATA filed a partial motion to dismiss the amended complaint shortly thereafter, contending that it is immune from suit under the ADEA and the ADA pursuant to the Eleventh Amendment.[4] *See generally* Def.'s Mot. As that motion is now ripe for adjudication, the court turns to the applicable legal standards and the parties' arguments.

---

[3] Because the plaintiff filed an amended complaint after WMATA moved to dismiss the original complaint, the court denies as moot WMATA's motion to dismiss the original complaint. *See, e.g.*, *P & V Enters. v. U.S. Army Corps of Eng'rs*, 466 F. Supp. 2d 134, 135 n.1 (D.D.C. 2006).

[4] As this Circuit has acknowledged, although the defense of Eleventh Amendment immunity "is jurisdictional in the sense that it is a limitation on the federal court's judicial power," the Supreme Court has stated that "the question whether Eleventh Amendment immunity is a matter of subject matter jurisdiction is an open one." *United States ex rel. Long v. SCS Bus. & Technical Inst., Inc.*, 173 F.3d 890, 892-93 (D.C. Cir. 1999) (citing *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391-92 (1998)). Nonetheless, given "the quasi-jurisdictional or 'hybrid' status of the Eleventh Amendment," *id.* at 893, the court will apply the legal standard for Rule 12(b)(1), *see Dye v. United States*, 516 F. Supp. 2d 61, 75 (D.D.C. 2007) (dismissing § 1983 and § 1985 claims under Rule 12(b)(1) because those claims were barred by the Eleventh Amendment); *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196-97 (D.D.C. 2002) (considering the defendant's Eleventh Amendment immunity defense under Rule 12(b)(1)); *accord Gardner v. United States*, 1999 WL 164412, at *7 (D.D.C. Jan. 29, 1999). The court notes, however, that it would reach an identical outcome even if it did not treat the Eleventh Amendment defense as jurisdictional for purposes of ruling on WMATA's motion.

## III. ANALYSIS

### A. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). When necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### B. The Court Grants WMATA's Partial Motion to Dismiss

Invoking Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), WMATA contends that it is immune from ADEA and ADA suits under the Eleventh Amendment to the Constitution.[5] *See* Def.'s Mot. at 3-5. The plaintiff concedes that WMATA has Eleventh Amendment immunity from suits seeking certain types of money damages under the ADEA and ADA, but maintains that she may be entitled to injunctive and declaratory relief if she prevails on her ADEA and ADA claims. *See* Pl.'s Opp'n at 1-2.

As both parties agree, it is well-established that WMATA is entitled to the same sovereign immunity to which the states are entitled under the Eleventh Amendment because Maryland, Virginia and the District of Columbia conferred upon WMATA their respective sovereign immunities when WMATA was created. *See Beebe v. Wash. Metro. Area Transit Auth.*, 129 F.3d 1283, 1287 (D.C. Cir. 1997) (citing *Morris v. Wash. Metro. Area Transit Auth.*, 781 F.2d 218, 219 (D.C. Cir. 1986)). It is equally clear that WMATA's sovereign immunity precludes the grant of an award of money damages to private individuals under the ADEA and the ADA. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (holding that Congress did not validly abrogate the states' sovereign immunity from suit by private individuals for money damages under Title I of the ADA); *Kimel v. Fl. Bd. of Regents*, 528 U.S. 62, 91

---

[5] WMATA also moved to dismiss the plaintiff's claim of retaliation, *see* Def.'s Mot. at 5-6, but later withdrew that portion of its motion, electing instead to pursue that argument following discovery, *see* Def.'s Reply at 1 n.1. Accordingly, the court will not address the plaintiff's retaliation claim.

(2000) (holding that "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals"); *Jones v. Wash. Metro. Area Transit Auth.*, 205 F.3d 428, 431-32 (D.C. Cir. 2000) (vacating an award of money damages under the ADEA).

Neither this Circuit nor the Supreme Court has expressly addressed whether state sovereign immunity prevents an individual plaintiff from obtaining injunctive relief under the ADEA or the ADA. The Supreme Court has, however, specified that "sovereign immunity applies regardless of whether a private plaintiff's suit is for monetary damages or some other type of relief." *Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765 (2002); *see also Seminole Tribe of Fl. v. Florida*, 517 U.S. 44, 58 (1996) (remarking that the Court has "often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). Consistent with this precept, courts in other Circuits have held that individual plaintiffs may not obtain injunctive relief under the ADEA or the ADA from parties protected by sovereign immunity. *See Banks v. Ct. of Common Pleas FJD*, 2009 WL 2488941, at *2 n.1 (3d Cir. Aug. 17, 2009) (holding that sovereign immunity barred the plaintiff's request for injunctive relief under the ADA because the plaintiff's claims were brought against the state rather than against state officials acting in their official capacities); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 & n.7 (5th Cir. 2002) (holding that Eleventh Amendment immunity barred the plaintiff's request for injunctive relief under the ADA); *Jackson v. Univ. of Ark. for Med. Scis.*, 2009 WL 890518, at *2 (E.D. Ark. Mar. 31, 2009) (noting that under the ADEA and ADA, states and their agencies cannot be sued for injunctive relief); *Johnson v. Madison County Office of Child Servs.*, 2006 WL 2792691, at *1 (S.D. Ind. Sept. 27, 2006) (noting, with respect to an ADEA claim against a state, that the

Supreme Court in *Kimel* did not "intend[] to distinguish the application of Eleventh Amendment immunity based upon the remedy sought – money damages versus equitable remedies"); *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 2005 WL 1518663, at *15 (S.D. Ind. June 27, 2005) (holding that pursuant to the Eleventh Amendment, the court lacked jurisdiction over the plaintiff's ADEA claims for injunctive relief). The court considers these decisions persuasive and concludes that WMATA's sovereign immunity bars the plaintiff's claims against it under the ADEA and the ADA.

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendant's partial motion to dismiss the first amended complaint. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 17th day of March, 2010.

RICARDO M. URBINA
United States District Judge